IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE WRIGHT                                              PETITIONER

VS.                                     CIVIL ACTION NO. 5:01-cv-50(DCB)

STATE OF MISSISSIPPI                                       RESPONDENT

ORDER

This cause is before the Court on the petitioner Ronnie Wright's letter to the Court of April 17, 2015 (filed April 27, 2015), in which he states he wishes to appeal his state court capital murder conviction and life sentence entered by the Circuit Court of Yazoo County, Mississippi, in 1995.

Wright previously filed, in 2001, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was denied on September 26, 2002, and Final Judgment was entered. Wright also filed an "Application and Requirements" addressing the denial of his habeas petition on August 29, 2014. The Court construed the pro se pleading as a motion to reopen Wright's case, and denied the motion on September 5, 2014.

The Court also construes the petitioner's present pro se pleading as a motion to reopen his case.

> Federal Rule of Civil Procedure 60(b) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief."

Davis v. Stephens, 2014 WL 4097631, at *2 (N.D. Tex. Aug. 19, 2014)(quoting Fed.R.Civ.P. 60(b)(1)-(6)). "A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." Balentine v. Thaler, 626 F.3d 842, 846-47 (5th Cir. 2010)(citing Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005)).

A Rule 60(b) motion cannot challenge the merits of a prior habeas decision, but must attack a defect in the integrity of the habeas proceedings; in other words, the motion must show "that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez, 545 U.S. at 532 n.4. Wright appealed his conviction to the Mississippi Court of Appeals, which affirmed the judgment of conviction and sentence on December 2, 1997. Wright did not petition the United States Supreme Court for writ of certiorari, so his judgment became final ninety days later on March 2, 1998. No post-conviction motions were filed by Wright on or before March 2, 1999, one year after his conviction became final. Wright filed his § 2254 habeas petition on February 21, 2001, and it was denied as untimely by this Court on September 26, 2002.

The petitioner's present motion does not attack a defect in

the integrity of the habeas proceedings.  However, Rule 60(b)(1) permits a court to relieve a party from final judgment for excusable neglect.  Wright argues that he is illiterate and lacks knowledge of the law, but neither of these constitutes excusable neglect.  See Felder v. Johnson, 204 F.3d 168, 171-72 (noting that ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Wright shows no grounds for the Court to reconsider its Final Judgment.  He sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice.  His motion shall therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that petitioner Ronnie Wright's letter to the Court of April 17, 2015, which the Court construes as a motion to reopen his case, is DENIED.

SO ORDERED, this the 11th day of May, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE